**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GRETA SEMSROTH, et al., )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**CITY OF WICHITA, et al.,** )<br>)<br>**Defendants.** )<br>_____) | **CIVIL ACTION**<br><br>**No. 06-2376-KHV** |

**MEMORANDUM AND ORDER**

Greta Semsroth, Kim Warehime, Sara Voyles and Heather Plush bring suit individually and on behalf of similarly situated individuals against the City of Wichita, Kansas and Norman Williams, Chief of Police of the Wichita Police Department.  Plaintiffs allege (1) disparate treatment, disparate impact, retaliation and pattern and practice theories of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII") and (2) denial of equal protection under the Fourteenth Amendment in violation of 42 U.S.C. § 1983.  This matter is before the Court on defendants' Motion To Strike (Doc. #8) filed January 26, 2007, Defendants' Motion For Sanctions Pursuant To Rule 11(c) (Doc. #10) filed January 30, 2007, and Plaintiffs' Motion For Leave To File A Surreply (Doc. #16) filed March 5, 2007.  For reasons stated below, the Court overrules the motions.

**I.      Defendants' Motion To Strike**

Defendants argue that the Court should strike all paragraphs of the first amended complaint except for paragraphs 47, 51-58, 72-73, 83, 89-90 and 97-98 because they duplicate allegations set forth by plaintiffs in a similar case against defendants pending before the Honorable Monti L. Belot.  See

Semsroth v. City of Wichita, No. 04-1245-MLB (D. Kan.) ("Semsroth I").[1]  Defendants also argue that

the Court should strike from the first amended complaint the expert report of Dr. Robert A. Bardwell

(attached as Exhibit A) and the allegations which incorporate that report into the complaint (e.g.

paragraphs 47 and 51-58).  Altogether, defendants ask the Court to strike all but paragraphs 72-73, 83,

89-90 and 97-98 from the first amended complaint.

Rule 12(f), Fed. R. Civ. P., provides that "the court may order stricken from any pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  D. Kan.

Rule 5.1(f) supplements Rule 12(f) by allowing the Court to strike any "bulky or voluminous" materials

from a pleading which are not essential to that pleading.  A motion to strike is a generally disfavored

remedy,  Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998), and should be denied

unless the allegations (1) have no possible relation to the controversy, and (2) may cause prejudice to

one of the parties, Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1022, 1029 (D. Kan.

2006).  Any doubt as to the utility of the material to be striken should be resolved against the motion

---

[1]      Semsroth I involves the same parties as this action, but involves slightly different
claims.  Judge Belot explains in his pretrial order in Semsroth I as follows:

> This is a Title VII and 42 U.S.C. 1983 employment case involving claims of gender
> discrimination, both disparate impact and disparate treatment, hostile work
> environment, and retaliation. . . . On September 5, 2006, the court denied plaintiffs'
> motion to amend their complaint [to include class allegations] based on the court's
> prior statement that it would be against the spirit of Rule 1 to certify a class in this
> matter at any time. Plaintiffs, including Heather Plush also had individual allegations
> that must be preserved. Plaintiffs filed an action incorporating class allegations as well
> as plaintiffs' individual allegations on September 6, 2006.

Pretrial Order (Doc. #142) filed January 10, 2007 in Case No. 04-1245-MLB.  While Semsroth I is
limited to individual claims, this action involves both individual and class claims.  This action also
differs from Semsroth I in that it alleges retaliation claims based on the filing of the complaint in
Semsroth I.

to strike.  <u>Nwakpuda</u>, 12 F. Supp.2d at 1215.  The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.  <u>Stubbs v. McDonald's Corp.</u>, 224 F.R.D. 668, 676 (D. Kan. 2004).

Here, defendants have not shown that the allegations of the complaint have no possible relation to the controversy.  Rather than precisely identifying the allegations which are irrelevant to the case, defendants rely on the sweeping generalization that all allegations which are redundant with the allegations set forth in <u>Semsroth I</u> should be stricken.  Defendants would have the Court strike even the most basic allegations of the complaint, including allegations which identify the parties to the action and allegations which set forth jurisdiction and venue.  Sustaining the motion to strike would reduce the complaint to an absurdity.  Furthermore, the Court will not sift through the allegations of the complaint to determine their respective relevance when defendants have done no work in this regard.

Defendants have not shown prejudice from the inclusion of these allegations in the complaint. In their reply memorandum, defendants briefly suggest that these allegations cause confusion and force them to defend the same action twice.  Because the allegations are familiar to defendants and may be answered with a simple denial, they are not overly burdensome.  Further, to the extent that the allegations involve issues identical to those in <u>Semsroth I</u>, defendants may invoke applicable legal doctrines such as issue preclusion.  Under these circumstances, the Court will not strike the allegations of the first amended complaint.  Defendants' motion is overruled.

**II.     Defendants' Motion For Sanctions**

Under Rule 11, defendants argue that the Court should sanction plaintiffs because this action (1) was filed for the improper purpose of re-litigating the denial of class certification in <u>Semsroth I</u> and (2) is frivolous and without merit because it duplicates <u>Semsroth I</u>.  Rule 11(b) governs representations

to the Court and provides as follows:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . .
> is certifying that to the best of the person's knowledge, information, and belief . . . (1) it
> is not being presented for an improper purpose, such as to harass or to cause unnecessary
> delay or needless increase in the cost of litigation; [and] (2) the claims, defenses, and
> other legal contentions therein are warranted by existing law or by a nonfrivolous
> argument for the extension, modification, or reversal of existing law or the establishment
> of new law.

Fed. R. Civ. P. 11(b)(1)-(2).  The imposition of sanctions rests in the considerable discretion of the

Court, and the Court must consider the appropriateness of sanctions on a case-by-case basis.  Zhou v.

Pittsburg State Univ., 252 F. Supp.2d 1194, 1205 (D. Kan. 2003).

In Semsroth I, Judge Belot overruled plaintiffs' motion for class certification, holding that the

court lacked jurisdiction over class claims which had not been exhausted under Title VII.  See 2005 WL

2708337, at *1-2 (D. Kan. Oct. 21, 2005).  Each plaintiff subsequently filed an EEOC charge of

discrimination alleging retaliation and class-wide discrimination, and each plaintiff received a right-to-

sue letter.  See Exhibits 1-4, attached to Plaintiffs' Response To Defendants' Motion For Sanctions

(Doc. #12) filed February 13, 2007.  Plaintiffs then filed a motion to amend their complaint in

Semsroth I to include the now-exhausted class claims.  Magistrate Judge Donald W. Bostwick overruled

the motion as untimely.  See 2006 WL 2570557, at *5 (D. Kan. Sept. 5, 2006).  Plaintiffs argue that

these class-based claims form the basis of this action.

Defendant's argument that plaintiffs' complaint improperly seeks to re-litigate the issue of class

certification is without merit because plaintiffs' allegations of class discrimination arise from an EEOC

charge which was not included in Semsroth I.  See Smith v. Bd. of County Comm'rs of Johnson County,

Kan., 96 F. Supp.2d 1177, 1193 (D. Kan. 2000) (citing Mosley v. Pena, 100 F.3d 1515, 1519 (10th Cir.

1996)) (overruling motion to amend to include claims exhausted in second EEOC charge; such claims

4

treated as separate claims which may be asserted in separate lawsuit).  The Court also finds that plaintiffs should not be sanctioned for including allegations in this action which duplicate the allegations in <u>Semsroth I</u>.  Defendants argue that plaintiffs are attempting to recover for conduct previously alleged in <u>Semsroth I</u> which is now barred by the statute of limitations and res judicata.  The Court notes, however, that the first amended complaint in this case includes retaliation and class-wide discrimination allegations which are not asserted in <u>Semsroth I</u>.  Plaintiffs also argue that the duplicative material is simply background information, and the Court notes that the first amended complaint makes no attempt to recover damages for conduct outside the limitations period.  Having resolved defendants' motion to strike the duplicative material in favor of plaintiffs, the Court is not inclined to sanction plaintiffs for including such material in the first amended complaint.  Accordingly, the Court overrules the motion for sanctions.[2]

**IT IS THEREFORE ORDERED** that defendants' <u>Motion To Strike</u> (Doc. #8) filed January 26, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Defendants' Motion For Sanctions Pursuant To Rule 11(c)</u> (Doc. #10) filed January 30, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Plaintiffs' Motion For Leave To File A Surreply</u> (Doc. #16) filed March 5, 2007 be and hereby is **OVERRULED**.

Dated this 5th day of April, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2]    Because the Court resolves the motion for sanctions in plaintiffs' favor without reaching issues raised in plaintiffs' proposed surreply, the Court overrules the motion for leave to file a surreply.