DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**GRETA SEMSROTH, et al.,**

                **Plaintiffs,**

                                          **CIVIL ACTION**

**v.**

                                          **No. 06-2376-KHV-DJW**

**CITY OF WICHITA, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Extension of Time to File Motion for Class Certification (doc. 23). Plaintiffs' request is, in actuality, a motion to enlarge the time for filing their motion for class certification. Plaintiffs do not suggest a specific date for the filing of their motion; however, they do refer to the request for extension of time they made in the Report of Parties' Planning Conference. In that report, Plaintiffs proposed an August 18, 2007 deadline for filing their motion for class action certification.

### I.    Background Information

Plaintiffs filed this putative class action on September 6, 2006, alleging gender discrimination and violation of their equal protection rights under the Fourteenth Amendment. Plaintiffs filed an amended complaint on December 6, 2006. Defendants were served with the Complaint, Amended Complaint, and summons on January 3, 2007.

On January 26, 2007, Defendants filed a motion to strike (doc. 8), requesting that the Court strike certain matters in the Amended Complaint which Defendants argued were impermissible or duplicative of other litigation involving the same parties. On January 30, 2007, Defendants filed a motion for Rule 11 sanctions (doc. 10). The Court denied both of these motions on April 5, 2007.

On April 16, 2007, Defendant Norman Williams filed a motion to dismiss (doc. 19). Plaintiff responded to that motion on May 9, 2007, and Defendant Williams filed his reply brief on May 29, 2007. The motion to dismiss is pending.

A telephone scheduling conference was held on May 23, 2007. Plaintiffs filed the instant motion on May 24, 2007.

## II.    Discussion

### A.    D. Kan Rule 23.1 and the Filing of Motions for Class Action Determination

Rule 23.1(b) of the Rules of Practice of the United States District Court for the District of Kansas governs motions for class action determination or motions for class certification, as they are commonly called. The Rule states in pertinent part:

> Within 90 days after the filing of a complaint in a class action, unless the period is extended by court order, the plaintiff shall file a separate motion for a determination under Fed. R. Civ. P. 23(c)(1), as to whether the case may be maintained as a class action.[1]

### B.    Summary of the Parties' Arguments

Pursuant to D. Kan. Rule 23.1(b), Plaintiffs were required to file any motion for class certification within 90 days of the filing of the Complaint, or by December 5, 2006. Plaintiffs acknowledge that their motion for class certification was not filed by that date, but argue that "the timing and briefing" of Defendants' motions to strike, for sanctions, and to dismiss made it "impossible and impractical" for Plaintiffs to file their motion by that date.[2] Plaintiffs argue that

---

[1] D. Kan. Rule 23.1(b).

[2] Pl.'s Mot. for Extension of Time to File Mot. for Class Certification (doc. 23) at p.2.

2

is was not possible to file their motion to certify by the December 6, 2006 deadline because they were unable to determine which claims and facts would survive the Court's rulings on the motions.

Plaintiffs further assert that "[b]ecause of briefing [on the above-cited motions] and the court's ability to extend the deadline to file a class certification motion, plaintiffs' counsel intended to address the issues surrounding the filing of plaintiffs' class certification motion in the parties' planning meeting and raise the issue during the scheduling conference when all dates would be decided."[3]  When Plaintiffs did raise the issue at the parties' planning conference on May 9, 2007, and later in the Report of Parties' Planning Meeting, Defendants voiced their opposition to any motion to certify being filed at this time.

Plaintiffs argue that Defendants will not be prejudiced by allowing Plaintiffs to file their motion for class certification out of time because no scheduling order is in place.  The Court would point out, however, that a scheduling order (doc. 27) was filed on June 1, 2007, eight days after the instant motion was filed.

Defendants argue that Plaintiffs' motion should be denied because Plaintiffs have failed to show excusable neglect in filing their motion for extension of time more than five months after the deadline has passed.

### C.      Analysis

Extensions of time are governed by D. Kan. Rule 6.1(a), which provides that "[e]xtensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."  As Plaintiffs' motion for extension of time was filed more

---

[3]*Id.*

than five months after the December 6, 2007 deadline, Plaintiff must show excusable neglect before the Court will consider the request.

Excusable neglect is an "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the moving party.[4]  The determination of whether excusable neglect has been established is an equitable one, which takes into account all relevant circumstances surrounding the party's omission, including:  (1) the danger of prejudice to the other parties; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reasons for the delay, including whether the delay was within the reasonable control of the moving party; and (4) whether the movant acted in good faith.[5]

As to the first factor, the Court finds that there is a danger of prejudice to Defendants if the Court allows Plaintiffs to file their motion to certify more than five months out of time.  Due to the lengthy passage of time, Defense counsel had every reason to believe that Plaintiffs had abandoned their class action claims.  To grant Plaintiffs leave to file a motion for class action certification, now — after the lawsuit has been on file since September 6, 2006 — would change the entire posture of the case and would subject Defendants to the increased burden of time and expense of engaging in

---

[4]*Guang Dong Light Headgear Factory Co., Ltd. v. ACI Int'l Inc.*, No. 03-4165-JAR, 2007 WL 1341699, at *2 (D. Kan.  May 4, 2007).

[5]*Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391-92 (1993); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

class-related discovery and opposing the motion for class certification on the merits, not to mention defending a class action, in the event a class were to be certified. Certainly, this potential prejudice does not weigh in favor of a finding of excusable neglect.

With respect to the second factor, the Court finds that Plaintiffs' delay has been significant, as the motion for class action determination was due more than five months ago. Although the Scheduling Order was only recently entered, it appears that it would, at a minimum, need to be modified to accommodate class action discovery and briefing. This would, no doubt, cause the trial to be continued to a later date. Thus, this factor, too, does not weigh in favor of finding excusable neglect.

The third factor — the reason for the delay — also weighs in favor of not finding excusable neglect. While Plaintiffs set forth logical reasons for not wishing to file their motion to certify while the motions to strike, for sanctions, and to dismiss were or are pending, those reasons in no way explain Plaintiffs' *initial* delay in filing the motion to certify. The parties agree that any motion to certify was due on December 5, 2006. The motions to strike, for sanctions, and to dismiss, however, were filed well *after that deadline*, on January 26, 2007, January 30, 2007, and April 16, 2007, respectively. Consequently, those motions could not have had any impact on Plaintiffs not meeting the December 6, 2006 deadline. Furthermore, and most importantly, Plaintiffs' counsel fails to explain why he did not file a motion to extend the time for filing the class action determination motion *prior to* the December 6 deadline. Clearly, the filing of a timely motion for extension of time was within the reasonable control of Plaintiffs' counsel. Consequently, the Court holds that this factor does not weight in favor of an excusable neglect finding.

Finally, with respect to the fourth factor, the Court has no reason to believe that Plaintiffs or their attorney acted in bad faith.  While the Court finds no bad faith, the Court believes that the other factors weigh heavily against finding excusable neglect that would justify granting the motion to file the motion to certify out of time.  An attorney's failure to comply with the very clear deadline for filing a motion for class action determination frustrates the Court's goal of an orderly and efficient resolution of this matter, and falls far short of the mark of diligent advocacy expected of class counsel.

In light of the above, the Court will deny Plaintiffs' Motion for Extension of Time to File Motion for Class Certification (doc. 23).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Extension of Time to File Motion for Class Certification (doc. 23) is denied.

Dated in Kansas City, Kansas on this 2nd day of July 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties