DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**GRETA SEMSROTH, et al.,**

        **Plaintiffs,**

                                **CIVIL ACTION**

**v.**

                                **No. 06-2376-KHV-DJW**

**CITY OF WICHITA, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Stay Discovery (doc. 34). Plaintiffs request a stay of discovery pending the District Judge's ruling on Plaintiffs' Motion for Review of the undersigned Magistrate Judge's Order denying Plaintiffs leave to file their motion for class certification out of time.

Courts are given broad discretion to control and place appropriate limits on discovery.[1] Thus, the decision whether to stay discovery addresses the sound discretion of the Court.[2] The general policy in this district is not to stay discovery based on the pendency of dispositive or other motions, even though they may have a significant bearing on the case.[3] The Court has, however, recognized an exception to this general rule and has held that a stay of discovery until a pending motion is decided may be appropriate "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the

---

[1] *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

[2] *Id.*

[3] *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994); Kutilek, 132 F.R.D. at 297.

resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

Plaintiffs have not demonstrated that the case is likely to be finally concluded as a result of a ruling on their motion for review or that discovery on Plaintiff's individual claims would be wasteful or burdensome. Although Plaintiffs argue that a stay is necessary "because the scope of discovery will be changed regardless of the Court's decision," the Court does not find that to be the case. If the Motion for Review were to be granted and Plaintiffs are allowed to file a motion to certify, then the scope of discovery would be broadened and not narrowed as Plaintiffs claim. The Court sees no reason why the parties should not be moving forward with discovery regarding the individual claims. Indeed, to stay such discovery in these circumstances would serve no purpose other than to delay the case.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Stay Discovery (doc. 34) is denied.

Dated in Kansas City, Kansas on this 7th day of August 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties

---

[4] *Id*. (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).