**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GRETA SEMSROTH, et al.,**           )<br>                                                            )<br>                         **Plaintiffs,**      )<br>                                                            )<br>**v.**                                                    )<br>                                                            )<br>**CITY OF WICHITA, et al.,**               )<br>                                                            )<br>                         **Defendants.**  )<br>_____) | **CIVIL ACTION**<br><br>**No. 06-2376-KHV** |

**MEMORANDUM AND ORDER**

Individually and on behalf of similarly situated individuals, Greta Semsroth, Kim Warehime, Sara Voyles and Heather Plush bring suit against the City of Wichita, Kansas.[1] Plaintiffs allege (1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and (2) denial of equal protection under the Fourteenth Amendment in violation of 42 U.S.C. § 1983. This matter comes before the Court on plaintiffs' Motion To Review (Doc. #35) filed July 16, 2007. For reasons set forth below, the Court overrules the motion.

**Standards For Review Of Magistrate Judge Non-Dispositive Order**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review, but applies a more deferential standard which requires the moving party to show that the magistrate judge's order is clearly erroneous or contrary to law. See Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate judge's order unless the entire

---

[1] The Court previously dismissed Wichita Police Chief Norman Williams. See Memorandum And Order (Doc. #38) filed July 20, 2007.

record leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court generally defers to magistrate judge and overrules order only for clear abuse of discretion).

## Background

In its previous order on the motion to dismiss, the Court set forth a detailed summary of plaintiffs' complaint. See Memorandum And Order (Doc. #38) at 2-7. Those allegations will be repeated only as necessary. Plaintiffs are current or former police officers in the Wichita Police Department. They allege that on the basis of sex, supervisors and other officers in the Department harassed them, discriminated against them and subjected them to unequal treatment. Plaintiffs complain that this discrimination is a product of department policy and procedure. As noted above, plaintiffs purport to bring their claims individually and as a class action on behalf of similarly situated female officers in the Department.

On September 7, 2006, plaintiffs filed their complaint. See Class Action Complaint (Doc. #1). Plaintiffs filed their first amended complaint on December 6, 2006, see First Amended Class Action Complaint (Doc. #3), and served the first amended complaint on defendants on January 3, 2007. See Summons And Return Of Service (Docs. #4-5). On May 24, 2007, plaintiffs filed a motion for leave to file out of time their motion for class certification. See Motion For Extension Of Time To File Motion For Class Certification (Doc. #23). On July 2, 2007, Judge Waxse overruled that motion. See Memorandum And Order (Doc. #31). Plaintiffs seek review of that order.

## Analysis

Plaintiffs argue that Judge Waxse clearly erred in overruling their motion for leave to file the motion for class certification out of time. D. Kan. Rule 23.1(b) provides that a motion for class certification must be filed "[w]ithin 90 days after the filing of a complaint in a class action, unless the period is extended by court order." D. Kan. Rule 23.1(b). Under this 90-day rule, plaintiffs had to file their motion for class certification by December 6, 2006 (i.e. 90 days from the filing of the complaint on September 7, 2006). D. Kan. Rule 6.1(a) provides that extensions of time "will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect." D. Kan. Rule 6.1(a); see also Fed. R. Civ. P. 6(b) ("When . . . by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."). Because plaintiffs did not file their motion for class certification by December 6, 2006, they were required to show excusable neglect for their failure to timely file the motion for class certification.

Excusable neglect is an elastic concept, and is not limited strictly to omissions caused by circumstances beyond the control of the movant. Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). Factors relevant in determining excusable neglect include (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. Magraff v. Lowes HIW, Inc., 217 Fed. Appx. 759, 760-61 (10th Cir. 2007). In his order, Judge Waxse considered each of these factors. Although he found no evidence of bad faith, Judge Waxse determined that none of the first three factors weighed in favor of

a finding of excusable neglect and he therefore overruled plaintiffs' motion. The Court reviews the three factors which Judge Waxse found did not weigh in favor of plaintiffs.

## I.     Prejudice

With regard to the first factor – danger of prejudice to the non-movant – Judge Waxse found that allowing the motion for class certification five months out of time would prejudice defendant because it had reason to believe that plaintiffs had abandoned their class claims and the motion for class certification would change the entire posture of the case by subjecting defendant to additional burdens of time and expense in opposing the motion and defending against the class (if certified). Plaintiffs argue that defendant would not be prejudiced by the untimely motion because plaintiffs filed their motion for leave before Judge Waxse entered the scheduling order.[2] Plaintiffs do not explain why the absence of a scheduling order undermines Judge Waxse's findings of prejudice, or makes those findings clearly erroneous.[3]

## II.    Length Of Delay; Impact On Proceedings

With regard to the second factor – the length of delay and its potential impact on the proceedings

---

[2] This argument that plaintiffs filed their motion before Judge Waxse entered the scheduling order is technically true but somewhat misleading. As noted above, Judge Waxse conducted a scheduling conference on May 23, 2007, and entered the scheduling order on June 1, 2007. The scheduling order reflects that it is a product of consultation at the scheduling conference between Judge Waxse and the parties. See Scheduling Order (Doc. #27) at 1. Plaintiffs' motion for leave was filed May 24, 2007, i.e. one day after the scheduling conference, but seven days before the scheduling order. By that time, most of the scheduling issues had presumably been resolved (at the scheduling conference), even though the formal scheduling order had not been entered.

[3] In their motion for review, plaintiffs make several additional prejudice arguments. None of them were raised before Judge Waxse, and the Court will not consider them as a basis for overruling his order. See City of Wichita v. Aero Holdings, Inc., 192 F.R.D. 300, 302 (D. Kan. 2000) (district court review of magistrate order not de novo review permitting second shot based on new arguments).

– Judge Waxse found that plaintiffs' five-month delay was significant because class certification would require modification of the scheduling order to account for class-based discovery and briefing, and continuation of the trial. Plaintiffs' arguments are not responsive to these findings. Citing Connett v. Justus Enterprises of Kansas, No. 87-1739-T, 1991 WL 13076, *8 (D. Kan. Jan. 24, 1991), plaintiffs argue that as a matter of law, a four-month delay is an insufficient reason to deny class certification. Connett turned only on the length of the delay, however, and it is not helpful in this case, where Judge Waxse found additional bases for refusing to find excusable neglect. See id. (court found no prejudice and did not consider circumstances of the delay). Plaintiffs suggest that a motion for class certification would not delay the proceedings because "the deadline for the class certification motion was already decided had the magistrate granted plaintiffs' motion [for leave]." See Motion To Review (Doc. #35) at 5. The record does not support this statement. In fact, plaintiffs' contention flies in the face of the scheduling order, which provides that "[m]otions for class certification shall be filed at a date to be determined if plaintiff is granted leave to file the motion out of time." See Scheduling Order (Doc. #27) at 7 (emphasis added). Plaintiffs' arguments do not suggest that Judge Waxse clearly erred in finding that the untimely motion for class certification would significantly delay the proceedings.

### III. Circumstances Of Delay

With regard to the third factor – the reason for the delay, including whether it was in the reasonable control of the movant – Judge Waxse found that "[p]laintiffs' counsel fails to explain why he did not file a motion to extend the time for filing the class action determination motion prior to the December 6 deadline." Memorandum And Order (Doc. #31) at 5. Plaintiffs concede that they have no justification for the delay. See Motion To Review (Doc. #36) at 5 n.2 ("Plaintiffs admit that the third factor weighs against them as the issue was in their control."). Because Judge Waxse could have

properly overruled the motion for leave on this factor alone, this concession is fatal to plaintiffs' challenge to Judge Waxse's order.  See Magraff, 217 Fed. Appx. at 761 (because third factor is "perhaps the most important single factor," court may deny motion for leave which presents insufficient reason for delay, even where three remaining excusable neglect factors favor movant).  Plaintiffs make no persuasive argument why the Court should find error in Judge Waxse's order overruling plaintiffs' motion for leave to file their class certification motion out of time.  Accordingly, the Court overrules the motion for review.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion To Review (Doc. #35) filed July 16, 2007 be and hereby is **OVERRULED**.

Dated this 29th day of August, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge