# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                                      |   |                   |
|--------------------------------------|---|-------------------|
| **GRETA SEMSROTH, et al.,**          | ) |                   |
|                                      | ) |                   |
| **Plaintiffs,**                      | ) |                   |
|                                      | ) | **CIVIL ACTION**  |
| v.                                   | ) |                   |
|                                      | ) | **No. 06-2376-KHV** |
| **CITY OF WICHITA, et al.,**         | ) |                   |
|                                      | ) |                   |
| **Defendants.**                      | ) |                   |
| _____ | ) |                   |

## MEMORANDUM AND ORDER

Individually and on behalf of similarly situated individuals, Greta Semsroth, Kim Warehime, Sara Voyles and Heather Plush bring suit against the City of Wichita, Kansas.[1] Plaintiffs allege (1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and (2) denial of equal protection under the Fourteenth Amendment in violation of 42 U.S.C. § 1983. This matter comes before the Court on Defendants' Motion For Determination Of Wichita As The Place Of Trial (Doc. #32) filed July 13, 2007. For reasons set forth below, the Court sustains the motion.

## Background

In its previous order on the motion to dismiss, the Court set forth a detailed summary of plaintiffs' complaint. See Memorandum And Order (Doc. #38) at 2-7. Those allegations will be repeated only as necessary. Plaintiffs are current or former police officers in the Wichita Police Department. They allege that on the basis of sex, supervisors and other officers in the Department harassed them, discriminated against them and subjected them to unequal treatment. Plaintiffs complain

---

[1] The Court previously dismissed Wichita Police Chief Norman Williams. See Memorandum And Order (Doc. #38) filed July 20, 2007.

that this discrimination is a product of department policy and procedure.

In the first amended complaint, plaintiffs designated Kansas City, Kansas as the place of trial. See First Amended Class Action Complaint (Doc. #3) filed December 6, 2006 at 31. The City counter-designated Wichita as the place of trial. See Entry Of Appearance (Doc. #6) filed January 23, 2007 at 2. The City now requests that the Court determine Wichita as the place of trial.

## Analysis

The City argues that Wichita serves the convenience of the parties, witnesses and attorneys in the case. D. Kan. Rule 40.2 governs determination of place of trial as follows:

> The plaintiff, at the time of filing the complaint, shall file a request showing the name of the city where it desires the trial to be held. . . . Each defendant, at the time it files its first pleading . . . shall file a request showing the name of the city where it desires the trial to be held. . . . The court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial.

D. Kan. Rule 40.2; see also 28 U.S.C. § 1404(c) ("A district court may order any civil action to be tried at any place within the division in which it is pending."). In considering motions for intra-district transfer, the Court borrows factors for transfer of venue under 28 U.S.C. § 1404(a),[2] which include

> plaintiffs' choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of

---

[2] Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although Section 1404(a) is inapplicable on its face because Kansas comprises only one judicial district and division, the factors which the Court uses to determine convenience under that statute are helpful in resolving the motion for intra-district transfer where similar convenience concerns arise. See Benson v. Hawker Beechcraft Corp., No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007); Taher v. Wichita State Univ., No. 06-2132-KHV, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007).

local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) (citing Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)).  Unless the balance of these factors strongly favors defendant, plaintiffs' choice of forum should rarely be disturbed.  Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).

The City's arguments in favor of intra-district transfer are well taken.  All parties and attorneys are located in or near Wichita.[3]  Further, because of the nature of the employment discrimination claim, most material witnesses will be City employees who are located in Wichita.  A trial in Kansas City would force these witnesses to drive three hours each direction.  Should any witness be required to testify over multiple days of trial, the time and cost to such witness would further increase.  Moreover, non-party witnesses in Wichita would have to travel more than 100 miles to Kansas City, raising complications regarding the compulsory attendance of such witnesses at trial.  See Fed. R. Civ. P. 45(b)(2), (c)(3)(A)(ii), (c)(3)(B)(iii) (subpoena may be served on any person within district, but Court must quash or modify subpoena of witness required to travel more than 100 miles to attend trial unless party shows substantial need and assures reasonable compensation of witness).  Plaintiffs have identified no potential witnesses who reside in Kansas City.  With the possible exception of the Equal Employment Opportunity Commission investigative file, all documents and exhibits preliminarily identified by the parties are in Wichita.  Under these circumstances, the accessibility of witnesses and other sources of proof weighs heavily in favor of Wichita as the place of trial.  See Benson, 2007 WL 1834010, at *3

---

[3] The amended complaint alleges that all plaintiffs reside in Sedgwick County, Kansas, and that three of the four currently work for the Wichita Police Department.  See First Amended Class Action Complaint (Doc. #3) ¶¶ 12-15.  The City of Wichita is obviously located in Wichita.

(finding "enormous disparity in convenience between Kansas City and Wichita," and noting that relative convenience is most important factor in deciding motion to transfer); Taher, 2007 WL 1149143, at *2 (Kansas City substantially inconvenient where all parties, witnesses and sources of proof located in Wichita).

Plaintiffs argue their "choice of city should be respected as the local rules allow a plaintiff to designate the city as to where he or she wishes to try the matter." D. Kan. Rule 40.2 clearly states, however, that plaintiffs' designation of the place of trial is not binding on the Court. Moreover, where plaintiffs do not reside in the chosen forum, the rationale for allowing them to dictate the forum evaporates and the choice of forum is given no special weight. See Benson, 2007 WL 1834010, at *2 (choice of forum not significantly more weighty than other factors where plaintiffs' connection to forum obscure).

Plaintiffs argue that the Court should not transfer the case until it can determine the number of witnesses and exhibits which the parties will use at trial. Plaintiffs suggest that between now and the time of trial, witnesses may move from Wichita to Kansas City or elsewhere. The Court is not persuaded by these arguments and notes that in Benson, the Honorable John W. Lungstrum rejected identical arguments. See id. at *3-4 (number of witnesses irrelevant where all witnesses inconvenienced by Kansas City forum; ignoring speculation as to movement of witnesses before trial).

Here, plaintiffs have shown no relationship between their case and the chosen forum. This complete disconnect makes Kansas City "extremely inconvenient." Id. at *4 (absolute disconnect between forum and case participants makes forum extremely inconvenient). Under these circumstances, the Court finds that the balance of factors relevant to intra-district transfer weigh heavily in favor of Wichita. Accordingly, the Court sustains the motion to determine Wichita as the place of trial.

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion For Determination Of Wichita As The Place Of Trial</u> (Doc. #32) filed July 13, 2007 be and hereby is **SUSTAINED**.  The place of trial of this matter shall be in Wichita, Kansas.

Dated this 29th day of August, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge