DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**GRETA SEMSROTH, et al.,**

                        **Plaintiffs,**

                                                      **CIVIL ACTION**

**v.**

                                                      **No. 06-2376-KHV-DJW**

**CITY OF WICHITA,**

                        **Defendant.**

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Protective Order (doc. 63).  Defendant seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c).

The Court denies Defendant's motion without prejudice for failure to comply with the duty to confer set forth in Federal Rule of Civil Procedure 26(c) and D. Kan. Rule 37.2.  Rule 26(c) provides that any motion for protective order must include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[1]  In a similar vein, D. Kan. Rule 37.2 provides that the Court will not entertain any motion to resolve a discovery dispute pursuant to Federal Rule of Civil Procedure 26 unless counsel has satisfied the above-described duty to confer and made a "reasonable effort to confer" with the opposing party.[2]   Furthermore, D. Kan. Rule 37.2 states that the certification required by Rule 26(c) "shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."   Rule 37.2 states that a "reasonable effort to confer" requires the parties to

---

[1]Fed. R. Civ. P. 26(c)

[2]D. Kan. Rule 37.2.

"converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[3]

Here, Defendant does not attach a separate certificate of compliance to its motion, nor does Defendant's counsel describe in its briefing any steps that counsel took to confer regarding the matter at issue.  In short, there is nothing in the record indicating that the parties have conversed, conferred, compared views, or deliberated about the issues set forth in Defendant's Motion for Protective Order, or that they have made any good faith attempt to do so.

In light of the above, the Court finds that Defendant has failed to satisfy its duty to confer under Federal Rule of Civil Procedure 26(c) and D. Kan. Rule 37.2.  The Court will therefore deny Defendant's Motion for Protective Order.  Said denial shall be *without prejudice* to Defendant refiling the motion after counsel have conferred or made a reasonable effort to confer in accordance with the above-cited rules.  Counsel for the parties shall confer within **eleven days** of this Order, and any renewed motion for protective order shall be filed within **fourteen days** of this Order.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (doc. 63) is denied *without prejudice* to Defendant refiling the motion after Defendant has satisfied its duty to confer under Federal Rule of Civil Procedure 26(c) and D. Kan. Rule 37.2.

**IT IS FURTHER ORDERED** that counsel for the parties shall, within **eleven days** of this Order, confer regarding the issues raised in the motion, and any renewed motion for protective order shall be filed within **fourteen days** of this Order.

---

[3]*Id.*

2

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 17th day of December 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

3