DJW/bh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GRETA SEMSROTH, et al.,**

                      **Plaintiffs,**

                                          **CIVIL ACTION**

**v.**

                                          **No. 06-2376-KHV-DJW**

**CITY OF WICHITA,**

                      **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court are two Motions for Sanctions (doc. 56 and 71) filed by Defendant, in which Defendant seeks sanctions against Plaintiff Heather Plush ("Plush"). In its first motion, Defendant seeks an order of sanctions, including dismissal of Plush's claims, based on Plush's failure to appear for her deposition. In its second motion, Defendant also seeks dismissal of Plush's claims, but based on her failure to serve responses to Defendant's requests for admission and interrogatories, as directed by the Court's November 1, 2007 Order.

At the telephone status conference held on December 18, 2007, the Court orally granted both motions and ruled that Plush's claims would be dismissed as a sanction for her failure to comply with the Federal Rules of Civil Procedure relating to discovery, the order to compel issued pursuant to those rules and the order to show cause why her claims should not be dismissed for those failures. This Memorandum and Order will memorialize, and set forth the basis for, the Court's oral ruling.

**I.**     **Factual and Procedural Background**

This is a Title VII retaliation case filed by Plush and three other plaintiffs against the City of Wichita, Kansas. Plush and the other plaintiffs were, at all relevant times, commissioned police officers with the Wichita Police Department.

### A. Plush's Failure to Appear for Her Deposition

Defendant served on October 12, 2007 a notice (doc. 51) to take Plush's deposition on October 26, 2007. On October 24, 2007, Plaintiffs' counsel advised Defendant that Plush's whereabouts were unknown and that he did not have current "contact information" for her. Plush failed to appear for her deposition on October 26, and she did not seek to reschedule the deposition nor did she file a motion for protective order to relieve her of the obligation to appear.

On October 26, 2007, Defendant filed its first Motion for Sanctions, requesting that sanctions be entered against Plush, including dismissal of her claims, based on her failure to appear at her deposition. It was not feasible for Defendant to re-notice the deposition, as discovery was set to close a few days later on November 1, 2007 and Plaintiffs' counsel was still unable to locate Plush.

On November 13, 2007, Plush filed, through her counsel, a response to the Motion for Sanctions (doc. 65), in which her counsel conceded that Defendant had properly noticed her deposition. Counsel also indicated that he was still unable to locate Plush, as she had failed to advise counsel of her apparent change of "contact information."

On November 15, 2007, the Court issued a Show Cause Order (doc. 66), directing Plush to show cause in writing to the Court on or before December 6, 2007, why the Court should not

sanction her for her failure to appear for deposition. The Show Cause Order notified Plush that Defendant had requested "an order of sanctions, including dismissal of Plush's claims."[1]

### B. Plush's Failure to Serve Discovery Responses in Compliance with the Court's November 1, 2007 Order Granting Defendant's Motion to Compel

On November 1, 2007, the Court granted Defendant's Motion to Compel, and entered an Order (doc. 61) directing all four Plaintiffs, including Plush, to respond to Defendant's outstanding requests for production, requests for admission, and interrogatories by November 21, 2007. On November 20, 2007, Plaintiffs' counsel submitted to Defendant each of the four Plaintiffs' responses to the outstanding discovery requests; however, none of the responses to the interrogatories and requests for admission were signed or verified. Plaintiffs' counsel indicated that signed and verified responses for all Plaintiffs would be served the following week. On November 29, 2007, Plaintiffs' counsel served on Defendant signed and verified responses for the other Plaintiffs but not for Plush. Plaintiff's counsel informed Defendant that he had no signed responses for Plush because he had not been able to contact her.

On November 29, 2007, Defendant filed its second Motion for Sanctions against Plush (doc. 71). That motion seeks dismissal with prejudice of Plush's claims based on her failure to provide signed and verified responses to Defendant's requests for admission and interrogatories, as directed by the Court's November 1, 2007 Order.

### C. Plush's Failure to Respond to the Show Cause Order and Participate in Preparation of the Pretrial Order

---

[1] Order to Show Cause (doc. 66) at p. 1.

As noted above, the Court's November 15, 2007 Show Cause Order directed Plush to show cause, on or before December 6, 2007, why the Court should not dismiss her claims or otherwise sanction her based on her failure to appear for her deposition.  To date, Plush has not responded to the Show Cause Order.

The Pretrial Conference was initially scheduled for December 18, 2007.  For a number of reasons, the Pretrial Conference was converted to a telephone status conference.  At the status conference, Plaintiffs' counsel indicated he still had not been able to contact Plush, and that it did not appear likely he would be able to locate her anytime in the near future.  As a result, Plaintiff's counsel was not only unable to provide signed and verified responses to Defendant's discovery requests, but he was also unable to provide Plush's contentions and theories for inclusion in the proposed pretrial order, which was initially due to the Court on December 11, 2007.

At the Status Conference, the Court continued the December 18, 2007 Pretrial Conference to December 27, 2007.  As noted above, the Court also orally granted Defendant's Motions for Sanctions, and indicated that Plush's claims would be dismissed.

## II.   Applicable Law Regarding the Sanction of Dismissal Related to Discovery Issues

Defendant's Motions for Sanctions are brought pursuant to Federal Rule of Civil Procedure 37. Subsection (b)(2)(A) authorizes a court to sanction a party who fails to obey an order to provide discovery.[2]  Included among the listed sanctions is "an order dismissing the action or proceeding in whole or in part."[3]  Subsection (d) provides for the same sanctions when a party fails to attend

---

[2]Fed. R. Civ. P. 37(b)(2)(A).  The Court notes that portions of Rule 37 were amended effective December 1, 2007.  The Court is applying the Rule as amended; however, the result would be the same regardless of which version of Rule 37 is applied.

[3]Fed. R. Civ. P. 37(b)(2)(A)(v).

4

his/her own deposition or fails to serve answers to interrogatories and requests for production.[4] Thus, the Court has the authority to dismiss Plush's claims for failing to appear at her deposition and/or for failing to serve verified interrogatory answers as required by the Court's November 1, 2007 Order.

Although a court is afforded discretion in choosing an appropriate sanction, that discretion "is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery."[5]  Dismissal with prejudice "represents an extreme sanction,"[6] and, because it defeats a plaintiff's right of access to the courts, should be used only as a sanction of last resort.[7]

Before imposing dismissal as a Rule 37 sanction, a court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[8]  This list of factors "is not exhaustive, nor are the factors

---

[4]Fed. R. Civ. P. 37(d)(1)(A)(i).

[5]*Procter & Gamble Co. v. Haugen,* 427 F.3d. 727, 738 (10th Cir. 2005) (*quoting Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).

[6]*Id.*

[7]*Id.* (quoting *Ehrenhaus*, 965 F.2d at 920).

[8]*Id.* (quoting *Ehrenhaus*, 965 F.2d at 921).

necessarily of equal weight."[9]  Only when the aggravating factors outweigh the court's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.[10]

## III.   Analysis

Applying the above standards, the Court concludes that the dismissal with prejudice of Plush's claims is a just and warranted sanction. Defendant's defense against Plush's claims has been totally thwarted due to her failure to appear at her deposition and her failure to provide verified interrogatory answers. Defendant has also been unable to fully and adequately prepare its portions of the Pretrial Order relating to Plush and its defenses against her claims.  In the same vein, Defendant is unable to adequately prepare a dispositive motion relating to Plush's claims and, most importantly, to prepare for trial with respect to her claims.  Clearly, Defendant has been prejudiced, and this prejudice weighs heavily in favor of serious sanctions against Plush.

Plush's failure to appear for her deposition and her failure to provide signed and verified interrogatory answers has also interfered significantly with the judicial process, the second of the five factors.  Plush failed to comply with the Court's November 1, 2007 Order regarding her discovery responses and failed to respond to the Court's November 15, 2007 Show Cause Order. Her failure to keep her attorney advised of her whereabouts has also, no doubt, hampered her own attorney's ability to prosecute her claims.  It also led, in part, to the continuation of the December 18, 2007 Pretrial Conference.

With respect to the third factor, i.e., Plush's "culpability," it is clear that Plush herself is responsible for not keeping her counsel apprised of her whereabouts.  Clearly, litigants represented

---

[9]*Id*.; *Chavez*, 402 F.3d at 1044.

[10]*Procter & Gamble,* 427 F.3d at 738.

by counsel have an obligation to keep their counsel apprised of their whereabouts, and it is an obligation that is fundamental to the working of the attorney-client relationship and the judicial process. Moreover, it is an obligation of which any reasonable litigant should know. Here, Plush's failure to keep in contact with her attorney did not span a mere few days. Although the record does not reveal when Plaintiffs' counsel first became unable to locate Plush, it is apparent that Plaintiff's counsel has been unable to locate her since at least October 2007.

With respect to the fourth factor, i.e., whether the Court warned Plush in advance that dismissal of her claims might be a likely sanction, the Court notes that its Show Cause Order was intended to give Plush notice that her claims might be dismissed if she did not justify her failure to appear at her deposition. The November 15, 2007 Show Cause Order expressly notified Plush that Defendant had requested dismissal of her claims. Although Plush did not receive notice of the Show Cause Order, her failure to receive notice was brought about by her own failure to advise counsel of her whereabouts.

Finally, the Court has no reason to believe that a sanction less harsh than dismissal would prove effective. Because of Plush's failure to keep her attorney apprised of her whereabouts, there is no mechanism for the Court to even apprise Plush of any lesser sanction.

In summary, the Court holds that Plush's disregard of her fundamental obligation to keep her attorney advised of her whereabouts for such a lengthy period of time, which resulted in her failure to comply with her discovery obligations, warrants dismissal with prejudice of all of her claims. The Court therefore grants Defendant's Motions for Sanctions.

**IT IS THEREFORE ORDERED** that Defendant's Motions for Sanctions (doc. 56 and 71) are granted, and as a sanction pursuant to Fed. R. Civ. P. 37 all claims of Plaintiff Heather Plush are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of December 2007.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:     All counsel and pro se parties