## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GRETA SEMSROTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 06-2376-KHV** |
| CITY OF WICHITA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Greta Semsroth, Kim Warehime and Sara Voyles bring suit against the City of Wichita, Kansas ("the City") alleging (1) disparate treatment, disparate impact, retaliation and pattern and practice theories of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII") and (2) denial of equal protection under the Fourteenth Amendment in violation of 42 U.S.C. § 1983.[1]  This matter is before the Court on Defendant's Motion To Strike Attachment To The Amended Complaint And For An Order Prohibiting Any Testimony Of Robert A Bardwell, Ph. D. (Doc. #58) filed October 31, 2007.  Plaintiffs have not responded.  Under D. Kan. Rule 6.1(d)(1), plaintiffs' response to this nondispositive motion was due November 14, 2007.  Under D. Kan. Rule 7.4, "[i]f a respondent fails to file a response in the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." For that reason and for reasons set forth below, the Court sustains the motion in part.

---

[1]     On July 20, 2007, the Court dismissed plaintiffs' claims against Wichita police chief Norman Williams.  See Memorandum And Order (Doc. #38) at 7-15.  On December 27, 2007, Magistrate Judge David J. Waxse dismissed the claims of Heather Plush with prejudice as a sanction for failure to appear at her deposition and serve interrogatory answers.  See Memorandum And Order (Doc. #78) at 6-7.

**Background**

Plaintiffs first filed suit against the City in July of 2004 alleging discrimination on the basis of sex.  See Semsroth v. City of Wichita, No. 04-1245-MLB (D. Kan.) ("Semsroth I").  In Semsroth I, plaintiffs purported to maintain a class action, but the Honorable Monti L. Belot denied their motion for class certification.  See id., 2005 WL 2708337, at *1-4 (D. Kan. Oct. 21, 2005) (overruling motion for reconsideration of order denying motion for class certification).  In September of 2006, plaintiffs filed this action and reasserted their class claims against the City.  See Class Action Complaint (Doc. #1) filed September 7, 2006.  On December 6, 2006, plaintiffs filed their first amended complaint, to which they attached a report concerning the City employment practices.  See Exhibit A, attached to First Amended Class Action Complaint (Doc. #3) at 33-67.     Dr. Robert Bardwell had prepared the report in Semsroth I.  See id. at 33.  Plaintiff's first amended complaint includes allegations derived from Dr. Bardwell's report.  See First Amended Class Action Complaint (Doc. #3) ¶¶ 47-58.

On June 1, 2007, the Court entered a scheduling order which required plaintiffs to serve disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, by September 1, 2007.  Scheduling Order (Doc. #27) at 4.  Plaintiffs did not designate any experts.  The City seeks to exclude any expert testimony from Dr. Bardwell and argues that his report should be stricken from the first amended complaint.

**Analysis**

I.     **Motion To Exclude Expert Testimony Of Dr. Bardwell**

The City argues that the Court should exclude any expert testimony of Dr. Bardwell because plaintiffs have not designated him as an expert in this case.  As noted above, the Court's scheduling order required plaintiffs to designate their experts by September 1, 2007.  Plaintiffs did not designate

Dr. Bardwell or any other expert.

Rule 26(a)(2) and the scheduling order impose an obligation on plaintiffs to properly designate their experts. See Fed. R. Civ. P. 26(a)(2)(C) ("A party must make [expert] disclosures at the time and in the sequence that the court orders."); Hannah v. Roadway Express, Inc., 200 F.R.D. 651, 654 (D. Colo. 2001) (scheduling order not frivolous piece of paper, idly entered, which can be cavalierly disregarding by counsel without peril). Plaintiffs have not fulfilled this obligation.[2] Rule 37(c)(1) allows for exclusion of witnesses and evidence where a party "without substantial justification fails to disclose information required by Rule 26(a) . . . unless such failure is harmless." Plaintiffs' failure to respond to the City's motion prevents the Court from finding substantial justification for their noncompliance with Rule 26(a)(2), or lack of harm therefrom. The Court therefore excludes any expert testimony of Dr. Bardwell.

## II.    Motion To Strike Dr. Bardwell's Report Attached To The First Amended Complaint

The City argues that the Court should strike Dr. Bardwell's report from the first amended

---

[2]       In Semsroth I, plaintiffs designated Dr. Bardwell as an expert. See Plaintiff's Expert Disclosures (Doc. #114) filed August 14, 2006 in case no. 04-2145-MLB at 1-2. Because proceedings and pleadings in a prior case do not follow parties into a refiled case without express condition, this previous designation is insufficient here. See Morrison Enters. v. McShares, Inc., 13 F. Supp.2d 1095, 1098 (D. Kan. 1998), rev'd on other grounds, 302 F.3d 1127 (10th Cir. 2002).

The attachment of Dr. Bardwell's report to the first amended complaint is also insufficient. The report is prepared in the context of plaintiffs' class allegations, see Exhibit A attached to First Amended Class Action Complaint (Doc. #3) at 36, but the Court has denied plaintiffs leave to file their motion for class certification out of time, see Memorandum And Order (Doc. #31) filed July 2, 2007 at 3-6. Plaintiffs cannot now assert class claims and Dr. Bardwell's report does not appear to address their individualized claims.

Even if the Court were to consider Dr. Bardwell's report, the City raises several uncontested and well taken objections to its contents. For substantially the reasons set forth in the City's brief in support of its motion, see Memorandum In Support Of Defendant's Motion To Strike Attachment To The Amended Complaint And For An Order Prohibiting Any Testimony Of Robert A Bardwell, Ph. D. (Doc. #59) filed October 31, 2007 at 2-12, the Court would exclude Dr. Bardwell's expert testimony under Rule 702, Fed. R. Evid., and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

complaint.  Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   D. Kan. Rule 5.1(f) supplements Rule 12(f) by allowing the Court to strike from a pleading any "bulky or voluminous" materials which are not essential to that pleading.  A motion to strike is a generally disfavored remedy, Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998), and should be denied unless the allegations (1) have no possible relation to the controversy, and (2) may prejudice one of the parties, Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1022, 1029 (D. Kan. 2006).  Here, the City has not argued that it is prejudiced by the attachment of Dr. Bardwell's report to the first amended complaint.  Although the report may be of minimal benefit to plaintiffs in light of the Court's ruling above, the Court finds no harm in leaving the report attached to the complaint and will not exercise the drastic remedy of striking the report.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Strike Attachment To The Amended Complaint And For An Order Prohibiting Any Testimony Of Robert A Bardwell, Ph. D. (Doc. #58) filed October 31, 2007 be and hereby is **SUSTAINED in part**.  The Court excludes any expert testimony of Dr. Robert Bardwell from the case.  The motion is otherwise overruled.

Dated this 2nd day of January, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge