GARY E. REBENSTORF
City Attorney
KELLY J. RUNDELL
Deputy City Attorney
City Hall - 13th Floor
455 North Main
Wichita, Kansas  67202-1635
(316) 268-4681
FAX: (316) 268-4335

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRETA SEMSROTH, KIM WAREHIME, SARA VOYLES, and HEATHER PLUSH, on behalf of themselves and all others similarly situated, | COMPLAINT-CLASS ACTION FOR CIVIL RIGHTS VIOLATIONS |
| Plaintiffs, | |
| vs. | Case No. 06-2376-KHV |
| CITY OF WICHITA, and, CHIEF NORMANWILLIAMS individually and in his official capacity, | |
| Defendants. | |

### DEFENDANT'S RESPONSE TO MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT

COMES NOW, defendant, City of Wichita, by and through its attorney, Kelly J. Rundell, and in response to Plaintiff's Motion to Continue Response to Motion for Summary Judgment and pursuant to Rule 56(f), submits the following in opposition.

Plaintiffs' motion made pursuant to Rule 56(f) does not set forth reasons sufficient to grant the requested delay and does not comply with the rule.

Federal Rule of Civil Procedure 56(f) provides:

> **f) When Affidavits Are Unavailable.**  If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) deny the motion;
> > (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> > (3) issue any other just order.

Plaintiffs have not submitted an affidavit in support of their motion.  The rule requires an affidavit.  Fed. R. Civ. P. 56(f).  The affidavit (Doc. 87-4) is unsigned and not verified.  That failure alone is enough to reject the motion.  *Burlington Coat Factory Warehouse Corp. v. Espirit de Corp.* 769 F.2d 919, 926 (2d Cir. 1985); *Weir v. Anaconda Co.*, 773 F. 2d 1073, 1079-80, n. 4, 1082, n. 10 (10th Cir. 1985).

Significantly, even if accepting an unverified affidavit was feasible, it is inadequate.  The Tenth Circuit explained that a Rule 56(f) motion should identify the specific facts that would create a genuine issue of material facts.

> A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that explain[s] why facts precluding summary judgment cannot be presented.  This includes identifying the probable facts not available and what steps have been taken to obtain these facts.  A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.

*Libertarian Party Of New Mexico v. Herrera* 506 F. 3d 1303, 1308-09 (10th Cir. 2007) (internal quotations and quoted sources omitted).  In addition to identifying facts, the affidavit must explain how the additional material will rebut the motion for summary judgment.  *Hackworth v. Progressive Casualty Inc., Co.*, 468 F. 3d 722, 732 (10th Cir. 2006); *Burke v. Utah Transit Authority and Local 382*, 462 F. 3d 1253, 1263 (10th Cir. 2006); *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006); *Sprint Communications Co. L.P. v. Vonage Holdings Corp.*, 500 F.Supp.2d 1290 (D. Kan. 2007).

Here, the only information specifically identified by plaintiffs as necessary was a response to Interrogatory No. 10, which requested:

> If you contend that the Hamilton SRO position was not taken away from Kim Warehime on or about June 22, 2005, please state the basis for such a contention.

They claim they need to discuss the answer of what plaintiffs describe as a contention interrogatory, in order to respond to the summary judgment motion. (Doc. 87-4, para. 5)

Defendant's response to this interrogatory will not rebut defendant's statements of fact. The interrogatory only inquires about defendant's position. A position which has already been set forth in the Memorandum in Support of its Motion for Summary Judgment, specifically, in Statements of Fact 55-66. (Doc. 85) It is not reasonable to assume that defendant's repeated statement of its position will provide facts to refute defendant's position.

The Tenth Circuit upheld a denial of Rule 56(f) relief because the affidavit did not state, with specificity, how the additional material would rebut the motion:

> While the appellants' affidavit briefly lists the additional discovery they believe is necessary, it fails to do so with any specificity…and with any hint of what facts such discovery is expected to unearth.

*Burke*, 462 F. 3d at 1264.

Because of the lack of any specificity regarding the expected information from the interrogatory and the lack of explanation on how the facts will rebut defendant's assertion that there are no genuine material facts in dispute, plaintiffs' motion should be denied.

WHEREFORE, defendant respectfully requests that plaintiffs' Motion for an Extension of Time pursuant to Rule 56(f) be denied.

                              Respectfully submitted by:

/s/ Kelly J. Rundell_____
Kelly J. Rundell #12386
Deputy City Attorney
City of Wichita, Kansas
455 N. Main, 13th Floor
Wichita, Kansas 67202-1635
(316) 268-4681
(Fax) 268-4335
email: krundell@wichita.gov

### CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2008, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Lawrence W. Williamson, Jr.

/s/ Kelly J. Rundell_____
Kelly J. Rundell        #12386
Deputy City Attorney
Attorney for Defendants
OFFICE OF THE CITY ATTORNEY
455 N. Main, 13th floor
Phone:  (316) 268-4681
Fax:      (316) 268-4335
Email: krundell@wichita.gov