IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GRETA SEMSROTH, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2376-KHV |
| **CITY OF WICHITA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Greta Semsroth, Kim Warehime and Sara Voyles bring suit against the City of Wichita, Kansas.[1] Plaintiffs allege that in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., defendant retaliated against them for engaging in protected opposition to sex discrimination. This matter comes before the Court on plaintiffs' Rule 56(f) Motion For Continuance ("Plaintiffs' Motion") (Doc. #87) filed February 1, 2008. For reasons stated below, the Court overrules the motion.

## Background

On November 1, 2007, plaintiffs submitted to defendant their second set of interrogatories. See Plaintiffs' [Second] Set Of Interrogatories To Defendant City Of Wichita, attached as Exhibit 1 to Plaintiffs' Motion (Doc. #87). On November 6, 2007, defendant filed a motion for protective order, see Motion For A Protective Order (Doc. #63), which Magistrate Judge David J. Waxse overruled without prejudice for failure to confer, see Memorandum And Order (Doc. #76) filed

---

[1] The Court previously dismissed Wichita Police Chief Norman Williams, see Memorandum And Order (Doc. #38) filed July 20, 2007, and the claims of Heather Plush, see Memorandum And Order (Doc. #78) filed December 27, 2007.

December 17, 2007. On December 26, 2007, defendant filed a second motion for protective order which the Court has not yet decided. See Second Motion For A Protective Order (Doc. #77). In the motion, defendant argues that the number of interrogatories in plaintiffs' second set exceeds the scheduling order limitation. Id. at 5-6.

On January 11, 2008, defendant filed a motion for summary judgment. See Defendant's Motion For Summary Judgment (Doc. #84). In the motion, defendant argues that it is entitled to judgment as a matter of law because plaintiffs cannot establish prime facie cases of retaliation or dispel defendant's legitimate non-retaliatory reasons for its actions. Id. at 14-24. Under D. Kan. Rule 6.1(d)(2), plaintiffs' response to the motion for summary judgment was due February 4, 2008. See D. Kan. Rule 6.1(d)(2) (response to dispositive motion shall be filed and served within 23 days). Three days before that deadline, on February 1, 2008, plaintiffs filed this motion under Rule 56(f), Fed. R. Civ. P., to continue the response deadline.

## **Analysis**

Plaintiffs seek to continue the response deadline to defendant's motion for summary judgment under Rule 56(f), Fed. R. Civ. P., which provides as follows:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

Under this rule, the Court should refuse summary judgment where the nonmoving party has not had the opportunity to discover information that is essential to her opposition. Burke v. Utah Transit

Auth. & Local 382, 462 F.3d 1253, 1264 (10th Cir. 2006). A party seeking to defer a ruling on summary judgment under Rule 56(f) must "file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." Libertarian Party of N.M. v. Herrera, 506 F.3d 1303, 1308 (10th Cir. 2007) (quoting Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006)). A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must "state with specificity how the additional material will rebut the summary judgment motion." Id. at 1308-09 (quoting Ben Ezra, Weinstein & Co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir. 2000)). The Court has discretion whether to order relief under Rule 56(f). See Hackworth v. Progressive Cas. Ins. Co., 468 F.3d 722, 732 (10th Cir. 2006) (Rule 56(f) grants district court discretion to deny summary judgment or order continuance).

Plaintiffs argue that defendant's refusal to respond to their second set of interrogatories necessitates continuation of their response to the summary judgment motion. Specifically, plaintiffs request that the Court continue their response deadline until 14 days after defendant responds to the interrogatories. Defendant argues that plaintiffs have not properly supported their motion with a sworn affidavit which specifically identifies discoverable material that would create a genuine issue of material fact. Plaintiffs do not reply to defendant's arguments, which are well taken.

A prerequisite to granting relief under Rule 56(f) is an affidavit which the party opposing summary judgment has furnished. Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992). The purpose of the affidavit is to ensure that the party opposing summary judgment is invoking the protections on Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of the party's opposition. Id. Attached to plaintiffs' motion

is a document which purports to be the affidavit of plaintiffs' attorney, Lawrence W. Williamson. See Affidavit Of Lawrence W. Williamson, Jr., attached as Exhibit 3 to Plaintiffs' Motion (Doc. #87). This document is not signed and has not been notarized. Generally, affidavits which are unsigned and not notarized are not competent for summary judgment purposes.[2] See Flemming v. Corr. Corp. of Am., 143 Fed. Appx. 921, 925 n.1 (10th Cir. 2005) (unsigned affidavit does not constitute evidence under summary judgment rules); Hamilton v. Century Concrete, Inc., No. 06-2263-JWL, 2007 WL 2010938, at *1-2 (D. Kan. July 9, 2007) (affidavit with no signature or notary stamp not considered on summary judgment). Plaintiffs acknowledge that the affidavit is not verified and state that they intend to file the "full affidavit once it is notarized." Plaintiffs' Motion (Doc. #87) at 2 n.1. To date, plaintiffs have not filed the signed and notarized affidavit. In effect, plaintiffs have submitted no affidavit in support of their motion. See Campbell, 962 F.2d at 1522 (advocacy by counsel does not suffice for evidence or fact in Rule 56(f) context). For this reason alone, the Court may overrule plaintiffs' motion. See Dreiling v. Peugeot Motors of Am., Inc., 850 F.2d 1373, 1376-77 (10th Cir. 1988) (Rule 56(f) protection arises only if party opposing summary judgment files affidavit explaining why he or she cannot present facts to oppose motion; district court does not abuse its discretion by denying relief where party does not file affidavit); see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985) (failure to file affidavit by itself enough to reject motion under Rule 56(f)).

---

[2] In the alternative to a formal affidavit, an unsworn declaration which the declarant signs under penalty of perjury "has the same force and effect as a sworn affidavit for the purposes of any requirement imposed by any federal rule or regulation." ClearOne Commc'ns, Inc. v. Lumbermens Mut. Cas. Co., No. 2:04-CV-00119 TC, 2005 WL 2716297, at *6 n.7 (D. Utah Oct. 21, 2005) (citing 28 U.S.C. § 1746). Here, the document is not signed under penalty of perjury and does not qualify as a substitute for a sworn affidavit.

Even if the Court considered plaintiffs' affidavit, it does not satisfy the requirements of Rule 56(f). Plaintiffs claim that they need defendant's responses to their second set of interrogatories "so that a proper factual submission can be made for the court to consider and in order to fully respond to the defendant's motion for summary judgment." Affidavit Of Lawrence W. Williamson, Jr., attached as Exhibit 3 to Plaintiffs' Motion (Doc. #87) ¶ 5. The affidavit does not identify the probable facts which plaintiffs will uncover from defendant's responses to the interrogatories and does not state with specificity how those facts would create any genuine issue of material fact on summary judgment.[3] Because plaintiffs have not explained how additional time would enable them to rebut defendant's motion for summary judgment, their motion is without merit. See Campbell, 962 F.2d at 1522 (party opposing summary judgment must explain how additional time would enable her to rebut allegation of no genuine issue of material fact).

Although the Court overrules plaintiffs' request for continuance under Rule 56(f), it may, in the interests of justice, allow plaintiffs additional time to marshal what evidence they do have in

---

[3] As an example of the discovery sought, the affidavit cites interrogatory number ten, which asks:

> If you contend that the Hamilton [school resource officer] position was not taken away from Kim Warehime on or about June 22, 2005, please state the basis for such contention.

Affidavit Of Lawrence W. Williamson, Jr., attached as Exhibit 3 to Plaintiffs' Motion (Doc. #87) ¶ 4. Plaintiffs do not, however, explain what material facts this interrogatory might reveal, or how those facts would rebut the motion for summary judgment. If plaintiff Warehime seeks to controvert whether she lost her school resource officer position in June of 2005, her testimony – by itself – would be sufficient on that point. Interrogatory number ten does not justify the continuation of plaintiffs' response to the motion for summary judgment. See MediaNews Group, Inc. v. McCarthey, 494 F.3d 1254, 1266 (10th Cir. 2007) (discovery of only "marginal utility" does not compel relief under Rule 56(f)). Plaintiffs offer no further example of the probative value of the requested discovery with regard to the motion for summary judgment.

opposition to the summary judgment motion. Id. at 1523. In their motion, plaintiffs state that "if this motion is denied, plaintiffs only need four days to complete their response." Plaintiffs' Motion (Doc. #87) at 2. Defendant does not object to a four-day extension. Accordingly, on or before **March 10, 2008**, plaintiffs shall file their response to Defendant's Motion For Summary Judgment (Doc. #84).

**IT IS THEREFORE ORDERED** that plaintiffs' Rule 56(f) Motion For Continuance (Doc. #87) filed February 1, 2008 be and hereby is **OVERRULED**. On or before **March 10, 2008**, plaintiffs shall file their response to Defendant's Motion For Summary Judgment (Doc. #84).

Dated this 6th day of March, 2008 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge